# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

MICHIGAN PROTECTION AND
ADVOCACY SERVICE, INC.,                         Case No.

    Plaintiff,                                    Hon.

v.

BENTLEY MANOR, INC. d/b/a
BENTLEY MANOR #5

    Defendant,

_____/

Michigan Protection & Advocacy Service, Inc.
Chris E. Davis (P52159)
Attorney for Plaintiff
4095 Legacy Parkway, Suite 500
Lansing, MI 48911
(517) 487-1755
Email: cdavis@mpas.org

_____/

## COMPLAINT

## INTRODUCTION

1. Plaintiff, Michigan Protection and Advocacy Service, Inc. (MPAS), brings this action for declaratory and injunctive relief pursuant to 42 U.S.C. §§ 10807-10827, the Protection and

       Advocacy for Individuals with Mental Illness Act of 1986 (PAIMI); 42 U.S.C. §§ 15041-15045, the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (DD); and 29 U.S.C. § 794e, the Protection and Advocacy of Individual Rights (PAIR), Program of the Rehabilitation Act of 1973, as amended.

2. Plaintiff, MPAS, challenges Defendants' failure to provide documents relating to allegations of abuse and neglect of its client.

3. This requested information from Defendants and disclosure is required by the PAIMI, DD, and PAIR Acts.

4. MPAS is charged with the responsibility, both under federal and state law, to investigate allegations of abuse and neglect against persons with disabilities.

5. Defendants' failure to provide the documents and information at issue has interfered with Plaintiff's investigative responsibilities and resulted in Plaintiff being denied its rights, pursuant to the PAIMI, DD, and PAIR Acts to investigate the suspected incidents of abuse and neglect.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Plaintiff's federal claims are made pursuant to 42 U.S.C. §§ 10801-10827; 42 U.S.C. §§ 15041-15045; and, 29 U.S.C. § 794e.

8. Declaratory and injunctive relief are authorized pursuant to 28 U.S.C. §§ 2201, 2202.

9. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b), as all of the events and omissions complained of below occurred in this district.

## PARTIES

10. Plaintiff, MPAS, is a Michigan non-profit corporation.

11. The Governor of Michigan has designated MPAS as the state's protection and advocacy system, pursuant to M.C.L. § 330.1931(1), with the responsibility to enforce and carry out the federal mandates under the PAIMI, DD and PAIR Acts.

12. As the state's protection and advocacy system, MPAS is required to investigate allegations of abuse and neglect of persons with disabilities. M.C.L. § 330.1931(2).

3

13. Defendant, BENTLEY MANOR, INC. d/b/a BENTLEY MANOR #5 (BENTLEY), is a Michigan DOMESTIC CORPORATION, which operates nursing homes and conducts business in the City of CLIO, GENESEE County, Michigan.

## FACTS

14. On or about March 12, 2018, MPAS received a complaint regarding an allegation of abuse and neglect of an individual with a disability (D.S.).

15. Based on the information received, MPAS determined it had probable cause to open an investigation into the allegations of possible neglect and abuse.

16. In order to evaluate the allegations, MPAS requested records of D.S. from Defendant, BENTLEY MANOR, that relate to the alleged incident of abuse and neglect.

17. MPAS staff has made several requests for D.S.'s records to BENTLEY MANOR. Defendant has not provided records.

18. Under the Federal P&A Acts the state's P&A system has the right to receive the requested medical records.

19. As of the date of the filing of this Complaint, Defendant has not produced the records requested by MPAS.

## COUNT I – VIOLATION OF THE PAIMI ACT'S ACCESS TO RECORDS PROVISION

20. Plaintiff realleges and incorporates paragraphs 1 through 19 as though fully set forth herein.

21. MPAS, as Michigan's designated protection and advocacy system, has the right to access all records relating to individuals to which the PAIMI Act applies when conducting abuse and neglect investigations. 42 U.S.C. §§ 10805(a)(4), 10806(b)(3)(A,B).

22. The Defendant's failure to provide Plaintiff with the requested records, relating to the allegations of abuse and/or neglect of the alleged victim, violates MPAS' rights under the PAIMI Act, 42 U.S.C. §§ 10801-10827.

23. Defendant's actions frustrate, impinge and prevent MPAS from meeting its responsibilities under federal and state law to investigate allegations of abuse and/or neglect of individuals with mental illness.

24. MPAS made a probable cause determination that abuse and neglect occurred and that the individual is covered under this act.

25. The Defendant is a covered entity under this act.

26. MPAS has no adequate remedy at law and, therefore, seeks injunctive and declaratory relief.

## COUNT II – VIOLATION OF THE DD ACT'S ACCESS TO RECORDS PROVISION

27. Plaintiff realleges and incorporates paragraphs 1 through 26 as though fully set forth herein.

28. MPAS, as Michigan's designated protection and advocacy system, has the right to access all records relating to individuals to which the DD Act applies when conducting abuse and neglect investigations.  42 U.S.C § 15043.

29. Defendant's failure to provide Plaintiff with the requested records, relating to the allegations of abuse and/or neglect of the alleged victim, violates MPAS' rights under the DD Act, 42 U.S.C. § 15043.

30. Defendant's actions frustrate, impinge and prevent MPAS from meeting its responsibilities under federal and state law to investigate allegations of abuse and/or neglect of individuals with developmental disabilities.

31. MPAS made a probable cause determination that abuse and neglect occurred and that the individual is covered under this act.

32. The Defendant is a covered entity under this act.

33. MPAS has no adequate remedy at law and, therefore, seeks injunctive and declaratory relief.

### COUNT III – VIOLATION OF THE PAIR ACT'S ACCESS TO RECORDS PROVISION

34. Plaintiff realleges and incorporates paragraphs 1 through 33 as though fully set forth herein.

35. MPAS, as Michigan's designated protection and advocacy system, has the right to access all records relating to individuals to which the PAIR Act applies when conducting abuse and neglect investigations. 29 U.S.C. § 794e, and 42 U.S.C. §15043.

36. Defendant's failure to provide Plaintiff with the requested records, relating to the allegations of abuse and/or neglect of the alleged victim, violates MPAS' rights under the PAIR Act, 29 U.S.C. § 794e.

37. Defendant's actions frustrate, impinge and prevent MPAS from meeting its responsibilities under federal and state law to monitor facilities and to prevent abuse and/or neglect of individuals with mental illness.

38. MPAS made a probable cause determination that abuse and neglect occurred and that the individual is covered under this act.

39. The Defendant is a covered entity under this act.

40. MPAS has no adequate remedy at law and, therefore, seeks injunctive and declaratory relief.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A.  Enter a declaratory judgment, in accordance with 28 U.S.C. § 2201, declaring that Defendant's actions and failures to act violate the PAIMI, DD, and/or PAIR Acts by:

   i) Denying Plaintiff access to records to which it is entitled to under federal law; and

   ii) Preventing MPAS from fully performing its statutory duty to investigate incidents of suspected abuse and/or

  neglect of persons with disabilities, in violation of PAIMI, DD, and/or PAIR Acts;

B.  Enter permanent injunctive relief, pursuant to 28 U.S.C. § 2202, requiring Defendant to provide MPAS all reports, documents, and records relating to the alleged victim and that Defendant comply with the provisions of the PAIMI, DD and PAIR Acts now and in the future;

C.  Retain jurisdiction over this action to ensure Defendant's compliance with the mandates of the PAIMI, DD and PAIR Acts;

D.  Award Plaintiff costs and reasonable attorney fees; and

E.  Order such other, further, or different relief as the Court deems equitable and just.

            Respectfully submitted,

Dated: July 16, 2018      s/Chris E. Davis
               MICHIGAN PROTECTION &
               ADVOCACY SERVICE, INC.
               Attorney for Plaintiff
               4095 Legacy Parkway, Suite 500
               Lansing, MI 48911
               (517) 487-1755
               cdavis@mpas.org
               P52159